UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERI H. NGUYEN,<br><br>                Plaintiff,<br>    v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, JP MORGAN CHASE BANK, AND DOES 1 TO 99,<br><br>                Defendants. | Case No.: 11-CV-03318-LHK<br><br>ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |

I.        INTRODUCTION

On July 6, 2011, Plaintiff Nguyen filed a complaint asserting various causes of action against Defendants, all arising out of the attempted foreclosure of property located at 15520 Quito Road, Monte Sereno, California (the Property). *See* Dkt. No. 1 (Compl.). In the Complaint, Plaintiff states that a Notice of Sale was recorded on June 30, 2011, setting an auction date of August 2, 2011. On July 21, 2011, Plaintiff filed an ex parte application for a temporary restraining order (TRO). Plaintiff seeks an injunction preventing the foreclosure sale from going forward on August 2, 2011. On July 23, 2011, Plaintiff filed a declination to proceed before a United States Magistrate Judge. On July 27, 2011, the case was reassigned to the undersigned judge. For the reasons set forth below, the Court DENIES Plaintiff's Application for Temporary Restraining Order. Although Plaintiff has filed proof-of-service showing that the Complaint was served on the designated agent for service of process for both Defendants, Plaintiff has not filed

proof-of-service of the Application for TRO.  Instead, Plaintiff's attorney filed a statement indicating that he mailed the Application to Defendants' agent for service on July 21, 2011, and that he believes the Application should have been received by July 22, 2011.  Defendants have not yet appeared in this case, and therefore have not received notice via electronic case filing.

## II.  BACKGROUND

The Court summarizes the relevant factual allegations here.  Plaintiff alleges that she is the "original owner" of the Property.  Compl. ¶ 1.  In April, 2007, Plaintiff refinanced her mortgage on the property by borrowing $2,500,000 from Washington Mutual Bank, N.A. (WaMu).  Compl. ¶ 11.  The note was secured by a deed of trust to the Property, and was recorded in the Santa Clara County Recorder's Office on May 1, 2007. Compl. ¶ 12, Ex. 1.  Plaintiff also opened a Home Equity Line of Credit account with WaMu in the amount of $855,000.  Compl. ¶ 12.  The credit line was also secured by a deed of trust to the Property.  Compl. Ex. 2.

Plaintiff alleges that "in about June 2007" the Note and Deed of Trust were transferred to a depositor, WaMu Asset Acceptance Corporation, which in turn deposited the Note and Deed of Trust into the "WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust."  Compl. ¶ 33.  Plaintiff alleges that the trustee for the trust was LaSalle Bank National Association.  Plaintiff states that "whether or not the Note and the DOT [Deed of Trust] were actually delivered" from WaMu to the depositor to the trust is unknown.  Compl. ¶ 34.  Plaintiff also alleges that WaMu retained only the servicing rights to the loan, while all other interest was transferred to the trust.  Compl. ¶ 35.

Plaintiff alleges that she made payments to WaMu until September 25, 2008, when "WaMu was shut down by the government" and the Federal Deposit Insurance Corporation "sold WaMu['s] assets to [Defendant JPMorgan] Chase [Bank] for 1.9 billion."  Compl. ¶ 14.  Plaintiff alleges that she continued to make loan payments to JPMorgan Chase Bank (Chase), as servicer of the loan, until December, 2008, when she suffered a serious health problem and sought loan modification.  Plaintiff and Chase did not reach an agreement to modify her loan, however.

On March 27, 2009, Chase executed an Assignment of the Deed of Trust associated with the $2,500,000 loan to Bank of America National Association, successor by merger to LaSalle

2
Case No.: 11-CV-03318-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1   Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust (BoA).

2   Compl. ¶ 17.  This Assignment is attached as Exhibit 3 to Plaintiff's Complaint, and was recorded

3   on March 30, 2009.  *Id*.  The Assignment stated that Chase assigned "all beneficial interest" under

4   the Deed of Trust to BoA, and that California Reconveyance Company (CRC) was appointed

5   trustee.  Compl. Ex. 3.

6        On March 30, 2009, Plaintiff alleges that CRC recorded a Notice of Default and Election to

7   Sell the Property.  Compl. ¶ 18.  The Notice of Default states that as of March, 2009, Plaintiff was

8   $69,254.20 behind in payments on the $2,500,000 loan.  Compl. Ex. 4.  Plaintiff alleges that a

9   Notice of Trustee's Sale setting a foreclosure sale for August 4, 2009 was recorded on July 20,

10  2009.  Although Plaintiff attaches a copy of what appears to be a Notice of Trustee's sale, the copy

11  appended to the Complaint was not recorded.  *See* Compl. Ex. 5.  Plaintiff alleges that "a few days

12  before the scheduled date of auction," she filed a Complaint against Chase in state court, and

13  applied ex-parte for a TRO to stop the August 4, 2009 auction.  Compl. ¶ 21.  The state court

14  granted the TRO, and set a hearing in January, 2010.  *Id*.  Plaintiff asserts that Chase appeared at

15  the hearing and argued that it was the owner of the Note, and that the Court denied the motion for

16  continued injunction on this basis.  Compl. ¶ 22.  Following this, Plaintiff alleges that Chase

17  scheduled an auction for February 2, 2010, and that Plaintiff responded by transferring title in the

18  Property to Rose Court LLC "which was better equipped to deal with foreclosing lenders."  Compl.

19  ¶ 24.  Rose Court LLC then filed for Chapter 11 bankruptcy protection.

20       During the bankruptcy proceedings, Plaintiff alleges that BofA (rather than Chase)

21  submitted a claim based on the $2,500,000 loan, and filed a Motion for Relief from Stay imposed

22  by the bankruptcy proceedings.  Compl. Ex. 7.  Plaintiff alleges that during these proceedings,

23  BofA presented a new assignment of Deed of Trust from Chase dated August 24, 2010, but that

24  this assignment was never recorded.  Plaintiff alleges that at the same time, she continued to

25  negotiate with Chase about a modification to her loan.  Compl. ¶ 27.  Plaintiff alleges that Chase

26  stated it would not consider modification until the bankruptcy was withdrawn, and that "[i]n

27  reliance on this representation, in May 2011, the debtor withdrew the Chapter 11 case."  *Id*.  It is

28

3

Case No.: 11-CV-03318-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1  not clear from the complaint what the relationship between Rose Court LLC and Plaintiff is, or
2  whether title has been transferred back to Plaintiff from Rose Court LLC.
3       Finally, Plaintiff alleges that on June 30, 2011, CRC "as instructed by Chase" recorded a
4  new Notice of Sale setting an auction date for August 2, 2011.  Compl. ¶ 38.  This Notice of Sale is
5  attached to the Complaint as Exhibit 12, and states that the outstanding balance on the loan was
6  $3,013,405.50 as of June 30, 2011.  Compl. Ex. 12.  There is no mention of Chase or BofA
7  anywhere on the Notice of Sale.

### III.  LEGAL STANDARDS

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th Cir. 2009).  The issuance of a preliminary injunction is at the discretion of the district court.  *Indep. Living Ctr. v. Maxwell-Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).

Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing party only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

### IV.  DISCUSSION

4

Case No.: 11-CV-03318-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1   In Plaintiff's Application for TRO, she argues that she can demonstrate a likelihood of
2   success on two of the causes of action alleged in her Complaint: 1) whether the "Defendants have
3   standing to do what they are doing"; and 2) her claim of Wrongful Foreclosure. Both of these
4   claims rest on Plaintiff's argument that because there is no proof that the original Note was
5   transferred to Chase or to BofA, neither entity has the right to foreclose on the Property. However,
6   based only on the Complaint and the documents attached to it, it appears that the Note and Deed of
7   Trust were transferred from WaMu (the original lender) to BofA, with CRC as trustee. First, in
8   June, 2007, WaMu transferred the Note and Deed of Trust to the WaMu Mortgage Pass-Through
9   Certificates Series 2007-HY7 Trust, keeping only the servicing rights for itself. Second, in
10  September, 2008, Chase bought all of WaMu's assets, including the servicing rights to Plaintiff's
11  loan. Third, Chase transferred all of its beneficial interest in the loan (meaning the servicing rights)
12  to BofA, "successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through
13  Certificates Series 2007-HY07 Trust." Thus, it appears that BofA obtained all but the servicing
14  rights to Plaintiff's $2,500,000 loan when it merged with LaSalle Bank, and obtained the servicing
15  rights when Chase assigned them on March 27, 2009.

16  Anticipating the argument that Chase obtained servicing rights from WaMu as part of the
17  acquisition of WaMu's assets, and that BofA obtained non-servicing rights through its merger with
18  LaSalle Bank, Plaintiff argues that BofA "became a DOT [Deed of Trust] holder without holding
19  the note" and that this is "worth nothing." The problem with this argument is that it appears, based
20  on the allegations in Plaintiff's Complaint, that BofA obtained both the Note and the Deed of Trust
21  when it merged with LaSalle Bank NA. While it appears that Chase had no right to continue
22  negotiating a loan modification with Plaintiff or to appear in Plaintiff's state court action after the
23  assignment to BofA, Plaintiff has submitted no evidence indicating that Chase is improperly behind
24  the August 2, 2011 auction.

25  To the extent Plaintiff is arguing that no defendant can foreclose on the property without
26  the *original* Note, this argument is contrary to California law. The Deed of Trust securing the
27  $2,500,000 Note contains a power of sale clause, stating that in case of default, the lender may sell
28  the property at public auction. *See* Ex. 1 at 21. The trustee, if granted the power of sale, has the

5
Case No.: 11-CV-03318-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

authority and duty to initiate foreclosure proceedings on the subject property upon the trustor's default. *See Lomboy v. SCME Mortg. Bankers*, No. C-09-1160 SC, 2009 U.S. Dist. LEXIS 44158, at *12 (N.D. Cal. May 26, 2009) ("The trustee has the power and the duty 'to initiate foreclosure proceedings on the property upon the trustor's default, resulting in a sale of the property.'"); *see also Hafiz v. Greenpoint Mortg. Funding,* 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . Pursuant to section 2924(a)(1) of the California Civil Code the trustee of a Deed of Trust has the right to initiate the foreclosure process.").

Plaintiff cites four cases in support of the argument that she has demonstrated a likelihood of success, but all of them are distinguishable. *In Hooker v. Northwest Trustee Servs. Inc.,* No. 10-3111-PA, 2011 U.S. Dist. LEXIS 57005 (D. Or. May 25, 2011), the court found that defendants violated an Oregon statute requiring recordation of all trust deed assignments before initiation of non-judicial foreclosure proceedings. *Hooker*, 2011 U.S. Dist. LEXIS 57005 at *12. The *Hooker* court noted that while the original trust deed and note listed one lender, there was no record of how the party attempting to conduct the foreclosure sale obtained any interest in the deed of trust. *Id.* at *13. Based on Plaintiff's allegations, it appears very likely that BofA has the right to foreclose on the property, based on its acquisition of the mortgage fund to which Plaintiff's Note and Deed of Trust were transferred. Certainly, the Court has not been presented with evidence of a break in the chain of title indicating that BofA (through trustee CRC) cannot foreclose on the Property.

Likewise, *Javaheri v. JPMorgan Chase Bank, N.A.,* No. CV10-08185 ODW, 2011 U.S. Dist. LEXIS 62152 (C.D. Cal. June 2, 2011) is inapposite. As Plaintiff points out, in *Javaheri* (as in this case) the plaintiff's loan was originated by WaMu. *Javaheri*, 2011 U.S. Dist. LEXIS 62152 at *2. Plaintiff alleged that the loan was sold to an investment trust, and that because Chase had no proof that it acquired that trust, Chase had no right to enforce the Deed of Trust or Note (despite its purchase of WaMu's assets). The court found that these allegations raised the plaintiff's right to relief "above the speculative level" and refused to dismiss Plaintiff's wrongful foreclosure claim. *Id.* at 14. First, in this case (as described above) Plaintiff's own allegations indicate that BofA obtained all but the servicing rights to Plaintiff's Note and Deed of Trust when it merged with

6

Case No.: 11-CV-03318-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1   LaSalle Bank, and obtained the servicing rights from Chase via assignment. Second, Plaintiff's
2   burden in an application for TRO (particularly an *ex parte* TRO) is much greater than her burden in
3   stating a claim. That another court concluded that related allegations raised the claims "above the
4   speculative level" does not establish a likelihood of success on the merits of Plaintiff's claim.

5   Plaintiff's final two cited authorities are distinguishable as well. Plaintiff cites a decision
6   by the Bankruptcy Panel of the Ninth Circuit applying Arizona law. *See Veal v. Am. Home Mortg.*
7   *Servicing Inc.,* No. AZ-10-1055-MkKiJu, AZ-10-1056-MkKiJu, 2011 Bankr. LEXIS 2158 (B.A.P.
8   9th Cir., June 10, 2011). Under Arizona law, the Bankruptcy Panel applied the Uniform
9   Commercial Code (UCC) to a mortgage transfer and found that transfer of a mortgage without the
10  note is unenforceable. *Veal*, 2011 Bankr. LEXIS 2158 at *43-44. In California, however, the
11  provisions of the California Civil Code governing foreclosures are intended to be "exhaustive."
12  Thus, the UCC and the California Commercial Code requirements cited by Plaintiff do not apply to
13  transferring title of a mortgage note. *Saugstad v. Am. Home Mortg. Servicing Inc.,* No. 2:09-CV-
14  03516-JAM-KJM, 2010 U.S. Dist. LEXIS 76628, at *11-12 (E.D. Cal. July 29, 2010); *Moeller v.*
15  *Lien,* 25 Cal. App. 4th 822, 830 (1994). Finally, Plaintiff cites a case in which the court found that
16  the party attempting to foreclose on a property had no power to do so when it did not receive an
17  assignment of rights until after it initiated foreclosure proceedings. *Sacchi v. Mortg. Elec.*
18  *Registration Sys., Inc.,* No. CV 11-1658 AHM (CWx), 2011 U.S. Dist. LEXIS 68007, at *20-21
19  (C.D. Cal. June 24, 2011). Given that Plaintiff's allegations suggest that BofA obtained rights to
20  the Note and Deed of Trust before the most recent foreclosure proceedings were initiated, this case
21  is not helpful to the analysis here.

22  Plaintiff has failed to carry her burden to demonstrate a likelihood of success on either of
23  the claims identified in the TRO Application. The Court recognizes that loss of one's home
24  constitutes irreparable harm, and the irreparable harm factor weighs in favor of an injunction. *Saba*
25  *v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6,
26  2010). However, the balance of equities does not favor an injunction. Based on the June 30, 2011
27  Notice of Sale, it appears that Plaintiff has been living in the Property paying nothing on the loan
28  since mid-2009. Plaintiff also admits that since August, 2009, she has successfully put off multiple

foreclosure sales by waiting until the eve of the sale and then initiating court action, at least once before on an ex parte basis and without notice to the Defendants. Plainly, Plaintiff could have served Defendants with the Application for TRO, because Plaintiff filed proofs of service for the Complaint. Instead, Plaintiff chose to mail the TRO Application to Defendants, leaving the Court uncertain as to whether Defendants are even on notice that the TRO Application was filed. In light of all this the Court finds that the balance of equities and the public interest weigh against granting Plaintiff's request. Plaintiff is not entitled to an injunction preventing the August 2, 2011 sale of the Property from going forward.

## V. CONCLUSION

Plaintiff has failed to carry her burden to demonstrate a likelihood of success on the claims identified in the TRO Application. The balance of equities does not favor an injunction. Therefore, Plaintiff's TRO Application is DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2011

_____
LUCY H. KOH
United States District Judge