UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERI H. NGUYEN,<br><br>              Plaintiff,<br>v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, JP MORGAN CHASE BANK, AND DOES 1 TO 99,<br><br>              Defendants. | Case No.: 11-CV-03318-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE |

### I.     INTRODUCTION

On July 6, 2011, Plaintiff Teri H. Nguyen (Plaintiff) filed a complaint asserting various causes of action against Defendants, all arising out of the attempted foreclosure of property located at 15520 Quito Road, Monte Sereno, California (the property). *See* ECF No. 1 (Compl.). In the Complaint, Plaintiff stated that a Notice of Sale was recorded on June 30, 2011, setting an auction date of August 2, 2011. On July 21, 2011, Plaintiff filed an ex parte application for a temporary restraining order (TRO). Plaintiff sought an injunction preventing the foreclosure sale from going forward on August 2, 2011. On July 23, 2011, Plaintiff filed a declination to proceed before a United States Magistrate Judge. On July 27, 2011, the case was reassigned to the undersigned judge. This Court denied Plaintiff's TRO application on July 29, 2011. *See* ECF No. 15.

On August 5, 2011, Plaintiff filed a First Amended Complaint. *See* ECF No. 20 (FAC). On August 8, 2011, Plaintiff filed a renewed ex parte application for TRO (Second TRO Application),

1

Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

stating that the foreclosure sale had been rescheduled for August 10, 2011, and seeking to enjoin the rescheduled sale from going forward. After reviewing Plaintiff's Second TRO Application, the Court denied Plaintiff's request, finding that Plaintiff had simply re-asserted the same bases for relief asserted in the first application for TRO and that Plaintiff had failed, through any new arguments, to demonstrate a likelihood of success on the merits of any claim. *See* ECF No. 31.

Defendants filed a Motion to Dismiss the FAC on August 22, 2011. *See* ECF No. 33 (Mot. to Dismiss). In the Motion to Dismiss, Defendants also seek to declare the Plaintiff a vexatious litigant and to issue sanctions against Attorney Vince Nguyen. Plaintiff filed an untimely Opposition to Defendants' Motion on November 3, 2011. *See* ECF No. 38, 2011 (Pl.'s Opp'n). Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motion suitable for decision without oral argument. Accordingly, the Court vacates the motion hearing set for November 17, 2011. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss with prejudice and issues an order to show cause as to why Attorney Vince Nguyen should not be sanctioned pursuant to Fed. R. Civ. P. 11.

## II. BACKGROUND

### A. Plaintiff's Factual Allegations

The Court summarizes the relevant factual allegations here. Plaintiff alleges that she is the "original owner" of the Property. FAC ¶ 11. In April, 2007, Plaintiff refinanced her mortgage on the property by borrowing $2,500,000 from Washington Mutual Bank, N.A. (WaMu). *Id*. ¶ 11. The note was secured by a deed of trust to the Property, and was recorded in the Santa Clara County Recorder's Office on May 1, 2007. *Id*. ¶ 12, Ex. 1. Plaintiff also opened a Home Equity Line of Credit account with WaMu in the amount of $855,000. *Id*. ¶ 12. The credit line was secured by a second deed of trust to the Property. *Id*. ¶ 12, Ex. 2. Plaintiff alleges that, without her knowledge, information contained in her loan origination documents, including personal financial information such as income and personal assets, was "falsified" or "inflated" during the WaMu loan origination process. *Id*. ¶¶ 36-39, Ex. 9.

According to Plaintiff, the Note and Deed of Trust were transferred from WaMu to a depositor, WaMu Asset Acceptance Corporation (WAAC), which in turn deposited the Note and

2
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Deed of Trust into the "WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust." *Id.* ¶ 44. Plaintiff alleges that the trustee for the trust was LaSalle Bank National Association. *Id.* ¶ 42. Plaintiff alleges that, when "WaMu was shut down by the Office of Thrift Supervision (OTS)" on September 25, 2008, the Federal Deposit Insurance Corporation (FDIC) "sold WaMu['s] assets to [Defendant JPMorgan] Chase [Bank] for 1.9 billion." *Id.* ¶ 14. Plaintiff alleges that JPMorgan Chase Bank (Chase), as servicer of the loan, then instructed Plaintiff to send payments to Chase. *Id.* Plaintiff claims she continued payments until December 2008, when she suffered a "serious health problem and sought [a] loan modification from Chase." *Id.* ¶ 15. Plaintiff's application for a loan modification was ultimately denied. FAC ¶ 71.

On March 27, 2009, Chase executed an Assignment of the Deed of Trust associated with the $2,500,000 loan to Bank of America National Association (BofA), successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust. *Id.* ¶ 16. This Assignment is attached as Exhibit 3 to Plaintiff's Complaint, and was recorded on March 30, 2009. *Id.* The Assignment states that Chase assigned "all beneficial interest" under the Deed of Trust to BofA, and that California Reconveyance Company (CRC) was appointed trustee. *Id.*, Ex. 3. However, Plaintiff alleges that "[t]here is no evidence whatsoever that the WaMu 2007-HY07 Trust has an interest in Plaintiff's loans," *id.* ¶ 41, and, further, that Chase "had no standing" to assign the beneficial interest on the Deed of Trust to BofA on March 27, 2009, since Chase is "NOT a successor in interest" to WaMu. *Id.* ¶¶ 53, 17.

Plaintiff alleges that on March 30, 2009, "[b]y Chase's instruction," CRC recorded a Notice of Default and Election to Sell the Property, "even though Chase had no beneficial interest in the [Deed of Trust]." *Id.* ¶ 23. The Notice of Default states that as of March 2009, Plaintiff was $69,254.20 behind in payments on the $2,500,000 loan. *Id.*, Ex. 4. Plaintiff alleges that a Notice of Trustee's Sale setting a foreclosure sale for August 4, 2009, was recorded on July 20, 2009. *Id.* ¶ 24. Plaintiff alleges that "[i]n 2009" she filed a Complaint against Chase in state court, and on the same day applied ex-parte for a TRO to stop the August 4, 2009 auction. *Id.* ¶ 26. The state court granted the TRO, and set a hearing for January 2010. *Id.* Plaintiff asserts that Chase appeared at the hearing and argued that it was the "owner of the Note." *Id.* ¶ 27. Plaintiff alleges

3

1   that Chase's statements were "false and constituted fraud upon the Court," since "Chase

2   purportedly assigned its beneficial interest in Plaintiff's Note to [BofA] as indenture trustee by way

3   of [an Assignment of Deed of Trust] on or about 03/27/2009." *Id*. ¶ 28. Following this, Plaintiff

4   alleges that she transferred title in the Property to Rose Court LLC, "which was better equipped to

5   deal with foreclosing lenders." *Id*. ¶ 29. Rose Court LLC then filed for Chapter 11 bankruptcy

6   protection on February 1, 2010. *Id*.

7       During the bankruptcy proceedings, Plaintiff alleges that BofA (rather than Chase)

8   submitted a claim based on the $2,500,000 loan, and filed a Motion for Relief from Stay imposed

9   by the bankruptcy proceedings. *Id.* ¶¶ 30-32. Plaintiff alleges that during these proceedings, BofA

10  presented a new assignment of Deed of Trust from Chase dated August 24, 2010, but that this

11  assignment was never recorded. *Id*. ¶¶ 32-33. Plaintiff alleges that, "[a]s part of Chapter 11

12  discussion," Chase stated it would not consider modification until the bankruptcy was withdrawn,

13  and that "[i]n reliance on this representation, in May 2011, the debtor withdrew the Chapter 11

14  case." *Id*. ¶ 34. Plaintiff alleges that Chase denied modification, despite Plaintiff's dismissal of the

15  Chapter 11 protection. *Id*. ¶ 35. It is not clear from the complaint what the relationship between

16  Rose Court LLC and Plaintiff is, or whether title has been transferred back to Plaintiff from Rose

17  Court LLC.

18      Finally, Plaintiff alleges that on June 30, 2011, "as instructed by Chase," CRC recorded a

19  new Notice of Sale setting an auction date for August 2, 2011. *Id*. ¶ 45. This Notice of Sale is

20  attached to the Complaint as Exhibit 11, and states that the outstanding balance on the loan was

21  $3,013,405.50 as of June 29, 2011. *Id*., Ex. 11. There is no mention of Chase or BofA anywhere

22  on the Notice of Sale. For reasons unknown to Plaintiff, the auction date was rescheduled to

23  August 10, 2011. On August 8, 2011, Plaintiff filed her Second TRO Application, seeking to

24  enjoin the rescheduled sale from going forward. Upon review of the record, the Court denied

25  Plaintiff's Second TRO Application.

26      Plaintiff admits that she has been living in the property and has paid nothing on the loan

27  since December of 2008. *Id*. ¶ 15. Moreover, Plaintiff is currently more than $3 million in arrears.

28

**United States District Court**
For the Northern District of California

4

Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

1  FAC, Ex. 11 (June 30, 2011 "Notice of Sale" indicating an outstanding loan balance of
2  $3,013,405.50).

### B. Facts Inferred from Pleadings, Exhibits, and Judicially Noticed Documents

Where, as here, the complaint attaches exhibits, those exhibits are treated as part of the factual allegations of the complaint for purpose of a motion to dismiss. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls." *Gamble v. GMAC Mortg. Corp.*, No. C08-05532, 2009 WL 400359, at *3 (N.D. Cal. Feb. 18, 2009). Furthermore, "documents crucial to the plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003); *see also Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009) (granting defendant's request for judicial notice of the "Purchase & Assumption Agreement" between Chase and the FDIC because the entire document was available online, from the FDIC's web site, as reflected in the memorandum attached to the RJN).

Plaintiff repeatedly alleges that beneficial interest in the Property was never properly transferred to Chase or to BofA. *See, e.g.*, FAC ¶¶ 21, 51, 78. However, based on the Complaint and the documents attached to it, it appears that the Note and Deed of Trust were transferred from WaMu (the original lender) to BofA, with CRC as trustee. *See* Order Denying Application for Temporary Restraining Order, ECF No. 15 at 5. First, in June of 2007, WaMu transferred the Note and Deed of Trust to the WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust, with LaSalle Bank as trustee, keeping only the servicing rights for itself. *Id.* ¶¶ 43-44 (citing Ex. 10). Second, in September of 2008, Chase bought all of WaMu's assets from the FDIC, including the servicing rights to Plaintiff's loan, but did not assume liability for borrower's claims relating to WaMu loans. *Id.* ¶ 14; *see also* Defendant's Request for Judicial Notice (RJN), Ex. 9 ("Purchase

5

Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

and Assumption Agreement" between JPMorgan Chase Bank N.A. and the FDIC).[1]  Third, Chase transferred all of its beneficial interest in the loan (meaning the servicing rights) to BofA, which was "successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY07 Trust."  FAC ¶ 16, Ex. 3 ("Assignment of Deed of Trust" from JPMorgan Chase Bank N.A. to Bank of America N.A.).  Thus, it appears that BofA obtained all but the servicing rights to Plaintiff's $2,500,000 loan when it merged with LaSalle Bank, and obtained the servicing rights when Chase assigned them on March 27, 2009.

### C.  Litigation History

This lawsuit is one of several lawsuits filed by Plaintiff Teri Nguyen in an attempt to delay foreclosure of the property at issue.  Several of these cases demonstrate a history of potentially abusive litigation tactics employed by Plaintiff and her counsel of record, Mr. Vince Nguyen.  For example, in *Nguyen v. JPMorgan Chase Bank, et al*, No. 09-04957 PVT (N.D. Cal.), Plaintiff, represented by Vince Nguyen, sought to postpone foreclosure of the subject property.  The suit was filed in California Superior Court on September 14, 2009, removed to federal court on October 19, 2009, and Plaintiff filed a voluntary dismissal on November 24, 2009.  *See* RJN Ex. 11.

Shortly after dismissing her prior suit, Plaintiff filed suit again on December 17, 2009 in California Superior Court, seeking to postpose foreclosure of the subject property.  *Nguyen v. Washington Mutual, et al*, No. 10-9-cv-159463 (Cal. Sup. Ct.).  Plaintiff, represented by Vince Nguyen, sought a TRO in January of 2010, which was denied.  Defendant filed a demurrer, the court issued a tentative ruling sustaining the demurrer without leave to amend.  Plaintiff preemptively filed a voluntary dismissal on April 14, 2010, the day before the demurrer hearing date.  *See* RJN Ex. 12.

After the TRO was denied in the state court action, Plaintiff transferred title to the Property to Rose Court LLC, which promptly filed a bankruptcy petition.  *See* Compl. ¶ 24; RJN Ex. 14.

---

[1] This Exhibit was also submitted as part of Plaintiff's Request for Judicial Notice (filed Nov. 3, 2011), Ex. 1. Also available at: http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.

6

Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

1   Although Plaintiff was not represented by Vince Nguyen in this proceeding, Vince Nguyen served
2   as the point of contact for Rose Court LLC.  *See* RJN Ex. 14.  Plaintiff dismissed the bankruptcy
3   action after the Court issued an order granting BofA's motion for relief from stay and ordering
4   defendant to tender regular monthly payments to BofA.  *See* RJN Ex. 15.  As part of the
5   bankruptcy proceeding, an adversary action was initiated.  *See* RJN Ex. 17.  BofA, among others,
6   was named as a Defendant in the adversary proceedings.  BofA filed a motion to dismiss on March
7   21, 2011, and Plaintiff filed a request for dismissal on May 24, 2011, before the hearing on the
8   motion to dismiss.  *See* RJN Ex. 17.  The parties stipulated to the dismissal at the status conference
9   on May 26, 2011.  Several months after the bankruptcy dismissal, Plaintiff filed the instant suit on
10  July 6, 2011.  *See* ECF No. 1.

11  Notably, although not directly relevant to the instant matter, Attorney Vince Nguyen has
12  represented Plaintiff Teri Nguyen in other matters related to real property disputes, that may
13  suggest similar delay tactics employed with different properties.  For example, in *Nguyen v.*
14  *Mortgage Electronic Registration Systems, Inc.*, No. 10-02062 RMW (N.D. Cal.).  Plaintiff sought
15  to avoid foreclosure on an unrelated property.  *See* 10-02062 RMW, ECF No. 1.  In that case,
16  Plaintiff filed a voluntary dismissal on July 15, 2010, about a month before the Defendant's motion
17  to dismiss was scheduled to be heard.  *See* 10-02062 RMW, ECF No. 15-16.  Moreover, in *Nguyen*
18  *v. East West Bank*, No. 1-10-cv-183269 (Cal. Sup. Ct.), in another real property dispute, Mr. Vince
19  Nguyen represented Plaintiff.  Plaintiff filed a voluntary dismissal on February 23, 2011.

20  **III.   LEGAL STANDARD AND DISCUSSION**
21  **A. Motion to Dismiss**
22  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if
23  it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the
24  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
25  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the
26  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
27  unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has
28  stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable

7
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### 1. Cancellation of Deed Instrument (First Cause of Action)

Under California Civil Code § 3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412 (West 2011). "[T]o state a claim pursuant to Civil Code § 3412, plaintiff[s] must allege that [they have] restored everything of value received from the loan transaction." *Sanchez v. MortgageIt, Inc.,* No. C10-4146, 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011) (citing *Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc.,* 121 Cal. App. 3d 447, 457 (1981)).

Plaintiff seeks to cancel the Deed of Trust, Notice of Default, and Notices of Sale on the grounds that they "constitute clouds on Plaintiff's title." FAC ¶ 55. Plaintiff explains that: (1) "the Note was not endorsed to [BofA];" (2) "there is no assignment of the Loan from FDIC to Chase," and; (3) the "3/30/09 Assignment of Deed of Trust was signed as '*JP Morgan Chase as successor-in-interest to Washington Mutual Bank, F.A.*' and such action was without authority." Pl.'s Opp'n 6 (emphasis in original) (citing FAC ¶¶ 47, 53). Plaintiff argues that, because Chase is not a "successor in interest" to WaMu and thus "had no standing" to assign the beneficial interest on the Deed of Trust to BofA, Defendant BofA "has no standing to take any action against the subject Property." *Id*. ¶¶ 49, 53. Plaintiff thus argues that CRC's foreclosure of Plaintiff's property is "unauthorized and wrongful." *Id*. ¶ 54.

Plaintiff's factual allegations are inconsistent with the pleadings, the exhibits attached to the pleadings, and judicially noticeable documents.[2] *See Gamble*, 2009 WL 400359, at *3 ("Where an

---

[2] Defendants submitted a request for judicial notice of several documents, including: the deed of trust on the subject property; the deed of trust related to the home equity line of credit; the Modification Agreement related to the home equity line of credit; the Assignment of the Deed of trust; the Notice of Default and Election to Sell Under Deed of Trust; the Notice of Trustee's Sale;

8
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

exhibit to a pleading is inconsistent with the pleading, the exhibit controls."); *Wietschner*, 294 F. Supp. 2d at 1109 (judicially noticeable documents not incorporated into the complaint may be considered by a court on a motion to dismiss). Based on a review of available exhibits and judicially noticeable documents, the Court has already determined that "the Note and Deed of Trust were transferred from WaMu (the original lender) to BofA, with CRC as trustee." *See* Order Denying Application for TRO, ECF No. 15 at 5. Plaintiff advances two theories of chain of title. Plaintiff alleges that BofA is either the successor trustee, after LaSalle Bank, to a pool containing the Note, or BofA was assigned all beneficial interest from JPMorgan (who obtained interest from WaMu) in 2009. See FAC ¶¶ 19, 42-44. Under either theory, BofA has the right to foreclose on the subject property.[3]

To the extent Plaintiff is arguing that no defendant can foreclose on the property without the *original* Note, this argument is contrary to California law. The Deed of Trust securing the $2,500,000 Note contains a power of sale clause, stating that in case of default, the lender may sell the property at public auction. *See* FAC, Ex. 1 at 18. There is no "requirement under California law that the original note be produced to render the foreclosure proceedings valid." *Farner v. Countrywide Home Loans, Inc.*, No. C08-2193, 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009); *Neal v. Juarez*, No. C06-0055, 2007 WL 2140640, at *3 (E.D. Cal. July 23, 2007) (An "allegation

---

the Grant Deed; and the second Notice of Trustee's sale. These documents have all been recorded with the Santa Clara County Recorder. Defendants also seek judicial notice of the Purchase and Assumption Agreement between JPMorgan Chase Bank N.A. and the FDIC; the notice of voluntary dismissal in *Nguyen v. Mortgage Electronic Registration Systems, Inc.*; the notice of voluntary dismissal in *Nguyen v. JPMorgan Chase Bank*; the docket in *Nguyen v. Washington Mutual*; the docket in *Nguyen v. East West Bank*; the docket in *In re: Rose Court LLC*; the order granting adequate protection to BofA in the bankruptcy case *In re: Rose Court LLC*; the order of dismissal related to the bankruptcy case *In Re: Rose Court LLC*; and the order dismissing adversary proceedings in the adversary action *Rose Court LLC v. Bank of America*. Plaintiff has not opposed Defendant's request. In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Each of the documents submitted by Defendant is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Accordingly, the Court GRANTS Defendant's request for judicial notice.

[3] To the extent that Plaintiff suggests that title was never transferred to the WaMu 2007-HY07 Trust, *see* FAC ¶ 41 ("There is no evidence whatsoever that the WaMu 2007-HY07 Trust has an interest in Plaintiff's loans"), this suggestion is inconsistent with the other allegations in the complaint and the documents attached to the complaint or judicially noticed by the Court.

9
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

1   that the trustee did not have the original note or had not received it is insufficient to render the

2   foreclosure proceeding invalid."); *see also Hafiz v. Greenpoint Mortg. Funding,* 652 F. Supp. 2d

3   1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a

4   precondition to non-judicial foreclosure under a deed of trust . . . . Pursuant to section 2924(a)(1) of

5   the California Civil Code the trustee of a Deed of Trust has the right to initiate the foreclosure

6   process."). Furthermore, the trustee, if granted the power of sale, has the authority and duty to

7   initiate foreclosure proceedings on the subject property upon the trustor's default. *Lomboy v.*

8   *SCME Mortg. Bankers*, No. C09-1160 SC, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009)

9   ("The trustee has the power and the duty 'to initiate foreclosure proceedings on the property upon

10  the trustor's default, resulting in a sale of the property.'"). Thus, Plaintiff fails to sufficiently allege

11  facts showing that the Deed of Trust, Notice of Default, and Notices of Sale are void or voidable.

12  *See* Cal. Civ. Code § 3412.[4]

13  Nor does Plaintiff allege, as required in an action to cancel a deed instrument, that she is

14  able to "restore[ ] everything of value received from the loan transaction." *See Sanchez v.*

15  *MortgageIt, Inc.,* No. C10-4146, 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011) (dismissing §

16  3412 claims with prejudice); *Cerecedes v. U.S. Bankcorp*, No. C11-0219, 2011 WL 2711071, at *5

17  (C.D. Cal. July 11, 2011) (dismissing § 3412 with prejudice, where plaintiff alleged "no facts as to

---

[4] In addition, Plaintiff draws on case law that is unpersuasive in the present action. In her Opposition to Defendant's Motion to Dismiss (Pl.'s Opp.), Plaintiff cites to two cases in support of her first cause of action to cancel the deed instruments. First, in *Wutzke v. Bill Reid Painting Serv., Inc.*, the California Court of Appeal affirmed a Superior Court decision voiding a "forged" deed of conveyance that included false statements, as well as signed authorizations made by fictitious parties using fictitious names. 151 Cal. App. 3d 36, 39 (Ct. App. 1984). The facts alleged in the case at hand in no way approaches the specificity of the allegations set forth in *Wutkze* undermining the validity of the documents at issue. Plaintiff, in the case at hand, merely states without factual support that Chase is not a successor in interest to WaMu, and so its subsequent assignment of interest to BofA is invalid. FAC ¶¶ 49, 53. Second, Plaintiff cites to *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, No. C11-1658, 2011 WL 2533029 (C.D. Cal. June 24, 2011), a case brought by homeowners for violations of California Civil Code Section 2923.5 and California's unfair competition law. According to Plaintiff, *Sacchi* demonstrates that "[b]ased on this analysis, the Court has denied the motion to dismiss on this cause of action." Pl.'s Opp. 6. However, as *Sacchi* did not actually involve an action to cancel a deed instrument, as is the case here, the Court finds *Sacchi* inapposite.

10
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

United States District Court
For the Northern District of California

1     why the deed of trust is void and subject to cancellation," and also did not allege her ability to

2     repay everything of value received from the loan transaction). *See also* FAC, Ex. 11 (June 30,

3     2011 "Notice of Sale" indicating an outstanding loan balance of $3,013,405.50). For these reasons,

4     the Court GRANTS Defendant's motion to dismiss Plaintiff's action to cancel the deed instrument.

### 2. Slander of Title (Second Cause of Action)

"The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. County of Madera*, C09-0753, 2011 WL 2433633, at *14 (E.D. Cal. June 14, 2011). The elements of the slander of title tort are: "(1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (Ct. App. 1987); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (Ct. App. 2009).

Plaintiff alleges that "the Notice of Default, the Notices of Sale, the Assignments of the Deed of Trust and the Substitution of Trustee" are "invalid," and thereby "constitute improper clouds on Plaintiff's title to the Property." FAC ¶ 58. Based on the alleged invalidity of the documents, Plaintiff alleges that the "recordation of the foregoing documents by these Defendants was false, wrongful, without justification, in violation of statute, and without privilege, and slander Plaintiff's title to the Property." FAC ¶ 59.

To the extent that Plaintiff's slander of title claims are based on the same set of facts relied upon in her first cause of action – namely, the invalidity of the assignment of interest and servicing rights to Chase and/or BofA – Plaintiff fails to show the "falsity" of Defendant's notices and assignment documents, which is the third element of a slander of title claim. *See Seely*, 190 Cal. App. 3d at 858. As explained above Plaintiff's allegations are contradicted by the exhibits attached to the complaint as well as the judicially noticeable documents. Thus, Plaintiff fails to show the falsity of the assignments of the Deed of Trust or the substitution of trustee.

Furthermore, the Deed of Trust securing the $2,500,000 Note contains a power of sale clause, stating that in case of default, the lender may sell the property at public auction. *See* FAC, Ex. 1 at 18. Since Plaintiff admits that she has been living in the Property paying nothing on the loan since December of 2008, *id*. ¶ 15, and since BofA retains the power of sale by way of the

11
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Deed of Trust, Plaintiff also fails to show the falsity of the Notice of Default and Notices of Sale. For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's slander of title claim.

### 3. Injunctive Relief (Third Cause of Action)

Plaintiff's third cause of action is a claim for "injunctive relief" to protect Plaintiff from Defendants' allegedly wrongful foreclosure. FAC ¶¶ 63-66. In California, injunctive relief is a remedy, not a cause of action. *See Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (Ct. App. 2007); *Shamisian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (Ct. App. 2003). In order to grant an injunction, the Plaintiff must succeed on the merits of the underlying claim. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 31 (2008). Plaintiff has failed to identify under which statutory or other legal right she seeks injunctive relief. In any event, none of the causes of action alleged in the Complaint survives the instant motion to dismiss. The Court therefore GRANTS Defendant's motion to dismiss Plaintiff's claim for injunctive relief.

### 4. Violation of California Civ. Code § 2923.5

Cal. Civ. Code § 2923.5 requires that "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5 (West 2011). California courts have interpreted Section 2923.5's remedy to be limited to postponement of an impending foreclosure, reasoning that the law "only requires a mortgage lender to discuss with homeowners options, including loan modifications or payment plans, to avoid foreclosure." *See Mabry v. Superior Court,* 185 Cal. App. 4th 208, 214 (Cal. App. 2010) ("[T]he right of action is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5."); *see also Minichino v. Wells Fargo Bank, N.A.*, No. C11-01030, 2011 WL 4715153, at *3 (N.D. Cal. Oct. 7, 2011).

In the present case, Plaintiff alleges that Chase engaged in "faked" loan modification negotiations with her in 2009 and that Chase ultimately denied Plaintiff's loan modification, in violation of § 2923.5. *See* FAC ¶¶ 69-71. Furthermore, because Chase allegedly had no beneficial

12

Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

interest in the Property at the time of the modification discussions, Plaintiff claims that Chase's communications did not satisfy the requirements under Section 2923.5. *Id*. ¶ 70.

Based on all relevant facts, the Court has already determined that Chase owned at least the servicing rights over the Property from September of 2008—when Chase bought all of WaMu's assets, including the servicing rights to Plaintiff's loan—to March of 2009—when Chase transferred all of its beneficial interest in the Property to BofA. *See* FAC ¶¶ 14, 16. Thus, in order to show that Chase's communications with Plaintiff with respect to her attempts to obtain a loan modification do not satisfy the requirements of Section 2923.5, Plaintiff must allege that she undertook negotiations with Chase sometime after March of 2009, when Chase no longer had any interest over the Property. Plaintiff does not allege that she undertook negotiations with Chase after March 2009. Indeed, she has alleged that she sought a loan modification with Chase in December 2008 after a "serious health problem." *Id*. ¶ 15. The Court, therefore, GRANTS Defendant's motion to dismiss Plaintiff's claim under Section 2923.5.

### 5. Wrongful Foreclosure (Fifth Cause of Action)

Plaintiff alleges wrongful foreclosure premised on the same set of facts relied upon in her first and second causes of action, namely, that there is no proof that the original Note was transferred to Chase or to BofA, and so neither entity has the right to foreclose on the Property. FAC ¶¶ 78-81. Specifically, Plaintiff alleges that (1) Chase received no assignment of the Note and the Deed of Trust on the Property from the FDIC (FAC ¶ 78); (2) the transfer of the loan to the 2007-HY07 Trust on March 27, 2009 is a violation of the terms of the Trust (FAC ¶ 79); (3) the terms of the 2007-HY07 Trust contradict BofA's claims to an interest in the deed of trust (FAC ¶ 80); (4) "[d]espite having no beneficial interest in Plaintiff's mortgage," Defendants instructed CRC to record Notice of Default and Notice of Sale against the Property (FAC ¶ 81). *See also* Pl.'s Opp. 10-11.

As has already been explained, California law does not require that the original note be produced in order to render the foreclosure proceedings valid. *Farner v. Countrywide Home Loans*, No. C08-2913, 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009). Furthermore, "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor

13
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

1   with a cause of action." *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011);
2   *accord Reyes v. GMAC Mortgage LLC*, No. C11-0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5,
3   2011) ("[T]he securitization of the loan does not in fact alter or affect the legal beneficiary's
4   standing to enforce the deed of trust.") (citing cases).

5   Most importantly, the Plaintiff's pleadings, attached exhibits and judicially noticeable
6   documents indicate that Plaintiff's chain of title theory, which forms the thrust of Plaintiff's
7   wrongful foreclosure claim, is implausible. The Deed of Trust securing the $2,500,000 Note
8   contains a power of sale clause, stating that in case of default, the lender may sell the property at
9   public auction. *See* FAC, Ex. 1 at 18. Thus, Plaintiff fails to state a claim. For these reasons, the
10  Court GRANTS Defendant's motion to dismiss Plaintiff's claim of wrongful foreclosure.

### 6. Quasi-Contract (Sixth Cause of Action)

12  "'Quasi-contract' is simply another way of describing the basis for the equitable remedy of
13  restitution when an unjust enrichment has occurred. Often called quantum meruit, it applies
14  '[w]here one obtains a benefit which he may not justly retain.'" *McBride v. Boughton*, 123 Cal.
15  App. 4th 379, 388 n.6 (2004).

16  In her sixth cause of action, Plaintiff's claims that Chase has been unjustly enriched by any
17  payments it received under the Note because "WaMu was not a beneficiary under Plaintiff's Note
18  on the date that its assets were transferred to Chase and therefore Chase did not acquire any right
19  from WaMu to accept or keep Plaintiff's payments." FAC ¶ 91. In essence, Plaintiff asserts,
20  without legal authority, that they have no obligation to pay the balance of the Loan because the
21  Loan was securitized. *See* FAC ¶ 92.

22  As the Court has already determined that the assignment from WaMu to Chase and BofA
23  were valid, Plaintiff has not shown that Defendants received any benefit from Plaintiff other than
24  receiving payments that were due under her obligations as a borrower. Nor has Plaintiff alleged,
25  beyond conclusory statements, the existence of a quasi-contract or implied contract. *See* FAC ¶ 91.
26  Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's sixth cause of action for
27  failure to state a claim.

28

14
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

7. <u>Unfair Business Practices, Violation of Cal. Civ. Code §§ 17200 et seq.</u>
(Seventh Cause of Action)

California Business & Professions Code § 17200 prohibits unlawful, unfair, or fraudulent business practices. Standing to pursue a Section 17200 cause of action is limited to certain specified public officials and to any person who "has suffered injury in fact and has lost money or property as a result of such unfair competition." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) (citations omitted); Cal. Bus. & Prof. Code § 17204. UCL provides for a four-year statute of limitations period. Cal. Civ. Code § 17208; *see also Reyes v. Downey Sav. & Loan Ass'n, F.A.*, 541 F. Supp. 2d 1108, 1115 (C.D. Cal. 2008).

Plaintiff alleges that she is the "victim of a fraudulent scheme, starting out with the fabricated loan application that does not bear her signature." FAC ¶ 95. Plaintiff alleges that this fraudulent scheme "induced [her] to accept a mortgage for which she was not qualified" and describes, in her Complaint, "actions, concealment, and deceit" that occurred during loan origination process, including "inflated property valuations" and "false credit disclosures." *See* FAC ¶¶ 96-99. As a result of this fraudulent scheme, Plaintiff alleges material financial harm, including the loss of equity in her home and damage to her personal credit record. FAC ¶ 104.

The allegedly fraudulent loan application, a copy of which is attached to the Complaint, is undated. *Id.*, Ex. 9. However, Plaintiff's own pleadings indicate that "[i]n April 2007 [WaMu] refinanced [Plaintiff's] mortgage loan." *Id.* ¶ 11. Furthermore, the first Note (for $2,500,000.00) and the second Note (for $855,000.00) are both dated April 24, 2007. FAC, Ex. 1 at 2, Ex. 2 at 2. Thus, a claim arising out of a purported violation of Section 17200 must have been brought within four years of the origination date, no later than April 24, 2011. *See* Cal. Civ. Code § 17208. As Plaintiff's claim arising from the origination was not brought until July 6, 2011, it is therefore time-barred.[5]

Plaintiff has not pled, nor is she likely to be able to plead that equitable tolling should apply to overcome the statute of limitations. A party asserting equitable tolling must demonstrate that:

---

[5] Because the Court finds that Plaintiff's UCL claim is time barred, it need not reach the alternative argument that JPMorgan did not assume servicing liability of WaMu loans.

15
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

(1) she has been diligent in pursuing her rights, and (2) extraordinary circumstances prevented her from filing on time. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Plaintiff's allegations do not evidence "extraordinary circumstances beyond [her] control [which] made it impossible to file the claims on time." *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1004 (9th Cir. 2006) (internal quotation marks and citations omitted). Indeed, the tactics employed by Plaintiff through her counsel, as detailed above, suggest that any time bar is attributable to her own conduct in filing successive cases regarding the subject property and then dismissing them prior to resolution. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's seventh cause of action, arising from alleged fraudulent and deceptive loan origination conduct.

## B. Whether Sanctions are Warranted

Defendants also seek to have Plaintiff declared a vexatious litigant and to restrict Plaintiff from "further engaging in such harassing conduct." Def.'s Mot. to Dismiss 6. In considering whether a Plaintiff is a vexatious litigant, the Ninth Circuit has followed the five-factor "framework" set out by the Second Circuit. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007). The factors include:

> (1) the litigant's history of litigation and, in particular, whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation— for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

As described above, Plaintiff's litigation history related to the property establishes a troubling record. As this Court has already stated, "Plaintiff admits that since August, 2009, she has successfully put off multiple foreclosure sales by waiting until the eve of the sale and then initiating court action, at least once before on an ex parte basis and without notice to the Defendants." Order Denying Application for TRO, ECF No. 15 at 8. *See also* Def.'s Mot. to Dismiss 3-5 (listing Plaintiff's irregular litigation history). In Plaintiff's two requests for TROs in this case alone, the Court has already found that "Plaintiff has simply re-asserted the same bases for relief." *See* Order Denying Second Application for TRO, ECF No. 31.

16
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Each of the first four *Safir* factors weighs in favor of granting Defendants' motion to declare Plaintiff a vexatious litigant: (1) Plaintiff's litigation history is duplicative; (2) Plaintiff's apparently improper motive in pursuing litigation—to prevent or delay foreclosure proceedings—and repeated voluntary dismissal of those claims demonstrate a lack of good faith in bringing the actions; (3) Plaintiff is represented by counsel; (4) Plaintiff has caused unnecessary expense to Defendants and burden on the Court. *See Safir*, 792 F.2d at 24. The fifth *Safir* factor is neutral, because there are other sanctions available to protect the court and other parties, for example, the possibility of sanctions against Plaintiff's counsel. In light of the fact that the Plaintiff is represented, and it appears that the same attorney has been involved in all of Plaintiff's lawsuits related to the property,[6] the Court deems it more appropriate to explore sanctions against the attorney in this case.

Defendants seek sanctions against Attorney Vince Nguyen under Federal Rule of Civil Procedure 11. Def.'s Mot. to Dismiss 6. Under Rule 11, an attorney presenting to the court must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support, or, if specially so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specially so identified are reasonable based on a lack of information, or belief.

Fed. R. Civ. P. 11(b)(1)-(4). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2).

---

[6] Though not attorney of record in the bankruptcy proceedings, it appears as though Mr. Vince Nguyen was associated with Rose Court, LLC as he was listed as the point of contact for the corporation. *See* Request for Judicial Notice Ex. 14.

17
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Defendants did not file a motion for sanctions separately from their motion to dismiss, as is required under Fed. R. Civ. P. 11(c)(2). However, "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). This Order, therefore, serves to provide Plaintiff's counsel with "notice and a reasonable opportunity to respond," pursuant to Fed. R. Civ. P. 11(c)(1).

"Rule 11 sanctions are warranted [when] the case was filed for an improper purpose." *McMahon v. Pier 39 Ltd. P'ship*, C03-00251 CRB, 2003 WL 22939233, at *5-6 (N.D. Cal. Dec. 5, 2003). As is explained within this Order, the Complaint presents allegations that contradict other allegations within the pleadings, the attached Exhibits, and judicially noticeable documents, suggesting—not only that the allegations lack evidentiary support—but that they are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Further, Mr. Vince Nguyen was counsel in at least five of six actions (including this action) brought by Plaintiff in the last two and a half years. In many of these cases, Plaintiff voluntarily dismissed actions suggesting that the only apparent purpose of filing these suits was to delay foreclosure proceedings.[7] Specifically, the Court identifies the following previously filed cases related to the subject property as evidence of the improper purpose of Mr. Vince Nguyen's litigation strategy:

- In *Nguyen v. JPMorgan Chase Bank, et al*, No. No. 09-04957 PVT (N.D. Cal.). Plaintiff sought to postpone foreclosure of the subject property. Plaintiff filed a voluntary dismissal on November 24, 2009, shortly after Defendants removed the case to federal court.

- In *Nguyen v. Washington Mutual, et al*, No. 10-9-cv-159463 (Cal. Sup. Ct.). Plaintiff sought to postpone foreclosure of the subject property. Plaintiff moved for, and was denied a TRO. Plaintiff filed a voluntary dismissal on April 14, 2010, the day before the hearing on Defendant's demurrer. The tentative ruling of the Court was to grant the demurrer without leave to amend.

---

[7] In *Nguyen v. Mortgage Electronic Registration Systems, Inc.*, No. 10-02062 RMW (N.D. Cal.). Plaintiff sought to avoid foreclosure on an unrelated property. *See* 10-02062 RMW, ECF No. 1. In that case, Plaintiff filed a voluntary dismissal on July 15, 2010, about a month before the Defendant's motion to dismiss was scheduled to be heard. *See* 10-02062 RMW, ECF No. 15-16. Moreover, in *Nguyen v. East West Bank*, No. 1-10-cv-183269 (Cal. Sup. Ct.), another real property dispute. Mr. Vince Nguyen also represented Plaintiff, who filed a voluntary dismissal on February 23, 2011

18
Case No.: 11-CV-03318-LHK
ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE

- In *In re Rose Court LLC*, No. 10-50993 (Bankruptcy Ct.) Plaintiff transferred title to Rose Court LLC, and then immediately filed a bankruptcy petition in February 2010. Mr. Vince Nguyen, though not counsel of record, was identified as contact for Rose Court LLC. Plaintiff dismissed the adversary action after Defendants filed a motion to dismiss.

The Court hereby orders Plaintiff's counsel to show cause as to why he should not be sanctioned for bringing repeated actions, including this action, for an improper purpose. Plaintiff's attorney shall file a brief, within 45 days of the date of this order, explaining why he should not be sanctioned. A hearing on the order to show cause is hereby set for Thursday, March 1, 2011 at 1:30 p.m.

### C. Whether Plaintiff Should Be Granted Leave to Amend

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." In general, valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may also consider whether pleadings have previously been amended. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

As explained above, the Court finds that the complaint in this case has been filed for the purpose of causing undue delay to avoid what appears to be a proper foreclosure sale. To allow Plaintiff yet another bite at the apple at this point would unduly prejudice the Defendants – especially in light of the fact that this appears to be the fourth suit initiated in an attempt to delay foreclosure proceedings on the subject property. Moreover, it does not appear that Plaintiff can amend the allegations in the complaint to cure the deficiencies with respect to its chain of title theory, the statute of limitations bar to Plaintiff's UCL claim, or to establish Plaintiff's Cal. Civ. Code § 2923.5 claim, while complying with Fed. R. Civ. P. 11. Therefore, the Court finds that any amendment would likely be futile. Accordingly, the Court GRANTS Defendants' motion to dismiss, with prejudice.

### IV. CONCLUSION

Plaintiff has failed to state any claims for which relief may be granted. The Court, therefore, GRANTS Defendants' motion to dismiss all claims, with prejudice. The Court also

1  issues an order to show cause why Mr. Vince Nguyen should not be sanctioned pursuant to Fed. R.
2  Civ. P. 11(b).
3  **IT IS SO ORDERED.**
4  Dated: November 15, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge