UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERI H. NGUYEN, <br> Plaintiff, <br> v. <br> BANK OF AMERICA NATIONAL ASSOCIATION, JP MORGAN CHASE BANK, AND DOES 1 TO 99, <br> Defendants. | Case No.: 11-CV-03318-LHK <br><br> ORDER FINDING RULE 11 VIOLATION |

On July 6, 2011, Plaintiff Teri H. Nguyen ("Plaintiff"), represented by Attorney Vince Nguyen ("Mr. Nguyen" or "Attorney Nguyen"), filed a complaint asserting various causes of action against Defendants, all arising out of the attempted foreclosure of property located at 15520 Quito Road, Monte Sereno, California ("the subject property"). *See* ECF No. 1 ("Compl."). On July 21, 2011, Plaintiff filed an ex parte application for a temporary restraining order (TRO). This Court denied Plaintiff's TRO application on July 29, 2011. *See* ECF No. 15. On August 5, 2011, Plaintiff filed a First Amended Complaint. *See* ECF No. 20 (FAC). On August 8, 2011, Plaintiff filed a renewed ex parte application for TRO. The Court denied Plaintiff's request, finding that Plaintiff had simply re-asserted the same bases for relief asserted in the first application for TRO and that Plaintiff had failed, through any new arguments, to demonstrate a likelihood of success on the merits of any claim. *See* ECF No. 31. Defendants filed a Motion to Dismiss the FAC on August 22, 2011. *See* ECF No. 33.

1

Case No.: 11-CV-03318-LHK
ORDER FINDING RULE 11 VIOLATION

On November 15, 2011, the Court granted Defendant's Motion to Dismiss with prejudice and issued an order to show cause why Plaintiff's Attorney, Vince Nguyen, should not be sanctioned pursuant to Fed. R. Civ. P. 11(b), for bringing repeated actions, including this action for an improper purpose. Order ("November 15 Order"), ECF No. 41. Specifically, the Court found that Attorney Vince Nguyen had filed several actions in several courts in order to delay foreclosure of the property[1] at issue:

> Several of these cases demonstrate a history of potentially abusive litigation tactics employed by Plaintiff and her counsel of record, Mr. Vince Nguyen. For example, in *Nguyen v. JPMorgan Chase Bank, et al*, No. 09-04957 PVT (N.D. Cal.), Plaintiff, represented by Vince Nguyen, sought to postpone foreclosure of the subject property. The suit was filed in California Superior Court on September 14, 2009, removed to federal court on October 19, 2009, and Plaintiff filed a voluntary dismissal on November 24, 2009. *See* RJN Ex. 11.
>
> Shortly after dismissing her prior suit, Plaintiff filed suit again on December 17, 2009 in California Superior Court, seeking to postpone foreclosure of the subject property. *Nguyen v. Washington Mutual, et al*, No. 10-9-cv-159463 (Cal. Sup. Ct.). Plaintiff, represented by Vince Nguyen, sought a TRO in January of 2010, which was denied. Defendant filed a demurrer, the court issued a tentative ruling sustaining the demurrer without leave to amend. Plaintiff preemptively filed a voluntary dismissal on April 14, 2010, the day before the demurrer hearing date. *See* RJN Ex. 12.
>
> After the TRO was denied in the state court action, Plaintiff transferred title to the Property to Rose Court LLC, which promptly filed a bankruptcy petition. *See* Compl. ¶ 24; RJN Ex. 14. Although Plaintiff was not represented by Vince Nguyen in this proceeding, Vince Nguyen served as the point of contact for Rose Court LLC. *See* RJN Ex. 14. Plaintiff dismissed the bankruptcy action after the Court issued an order granting BofA's motion for relief from stay and ordering defendant to tender regular monthly payments to BofA. *See* RJN Ex. 15. As part of the bankruptcy proceeding, an adversary action was initiated. *See* RJN Ex. 17. BofA, among others, was named as a Defendant in the adversary proceedings. BofA filed a motion to dismiss on March 21, 2011, and Plaintiff filed a request for dismissal on May 24, 2011, before the hearing on the motion to dismiss. *See* RJN Ex. 17. The parties stipulated to the dismissal at the status conference on

---

[1] Attorney Nguyen has represented the Plaintiff in other real property matters as well. In *Nguyen v. Mortgage Electronic Registration Systems, Inc.*, No. 10-02062 RMW (N.D. Cal.), Plaintiff sought to avoid foreclosure on an unrelated property. *See* 10-02062 RMW, ECF No. 1. In that case, Plaintiff filed a voluntary dismissal on July 15, 2010, about a month before the Defendant's motion to dismiss was scheduled to be heard. *See* 10-02062 RMW, ECF No. 15-16. Moreover, in *Nguyen v. East West Bank*, No. 1-10-cv-183269 (Cal. Sup. Ct.), another real property dispute. Mr. Vince Nguyen also represented Plaintiff, who filed a voluntary dismissal on February 23, 2011.

2
Case No.: 11-CV-03318-LHK
ORDER FINDING RULE 11 VIOLATION

1    May 26, 2011.  Several months after the bankruptcy dismissal, Plaintiff filed the instant suit on July 6, 2011.  *See* ECF No. 1.

2    Order at 6-7, November 15, 2011, ECF No. 41.

3    Mr. Nguyen was ordered to respond within 45 days of the November 15 Order, explaining why he should not be sanctioned.  A show cause hearing was set for Thursday, March 1, 2012[2] at 1:30 p.m.  Order at 19, ECF No. 41.  On November 28, 2011, Plaintiff appealed the November 15 Order to the Ninth Circuit.  ECF No. 43.  Mr. Nguyen has not responded to the Order to Show Cause.  Nor did Mr. Nguyen appear at the hearing that was held on March 1, 2012.

Although Mr. Nguyen has appealed the November 15 Order, this Court determines that it maintains jurisdiction over the Order to Show Cause and may sanction Mr. Nguyen for the conduct alleged in the November 15 Order.  *See, e.g. Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003)(a district court's dismissal of a complaint for lack of jurisdiction did not deprive the district court of jurisdiction to award Rule 11 sanctions); *Plata v. Schwarzenegger*, 560 F.3d 976, 980 (9th Cir. 2009) (district court's order requiring defendant to show cause was not appealable final order, where District Court had not yet adjudicated the motion and applied sanctions).

Attorney Vince Nguyen has not responded to the order to show cause to explain or rebut the evidence outlined in the November 15 Order supporting a finding that this lawsuit was filed for an improper purpose.  Accordingly, the Court adopts the facts as set forth in the November 15 Order and finds that Attorney Vince Nguyen has violated Rule 11(b) by filing this litigation for an improper purpose, specifically, to unnecessarily delay foreclosure of the subject property.  *See* Fed. R. Civ. P. 11(b)(1) ("an attorney certifies that to the best of the person's knowledge" the lawsuit is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").  As a sanction for this conduct, the Court will forward a copy of this Order and a copy of the November 15 Order to the California State Bar.  *See* Fed. R. Civ. P. 11(c)(4) ("The sanction may include nonmonetary directives.").

---

[2] The November 15, 2011 Order erroneously stated the date of the hearing as March 1, 2011 instead of 2012.  Mr. Nguyen, however, did not inquire into the date of the hearing, and, in any event, the correct date of the hearing has been posted on the Court's public calendar.

3

Case No.: 11-CV-03318-LHK
ORDER FINDING RULE 11 VIOLATION

1   **IT IS SO ORDERED.**

2   Dated: March 2, 2012

                                        _____
3                                       LUCY H. KOH
                                        United States District Judge